KATHERINE A. MANUEL, CA Bar No. 340838
katherine.manuel@ogletree.com
BENJAMIN A. MAINS, CA Bar No. 274056
benjamin.mains@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
FACSIMILE:  415-442-4870

Attorneys for Defendants
MCLANE COMPANY, INC. and
MCLANE FOODSERVICE, INC.


NISSIM LEVIN, CA Bar No. 306376
CHRISTINA BEGAKIS, CA Bar No. 316779
ABRAMSON LABOR GROUP
3580 Wilshire Blvd, Suite 1260
Los Angeles, CA 90010
Telephone: 213-493-6300
Facsimile: 213-382-4083

Attorneys for Plaintiff
LAMONT ANDREWS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT ANDREWS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MCLANE COMPANY, INC., a Corporation; MCLANE FOODSERVICE, INC., a Corporation; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02526-MCE-AC<br><br>**JOINT MOTION TO AMEND SCHEDULING ORDER TO CONTINUE EXPERT DISCOVERY DEADLINES; ORDER THEREON**<br><br>Complaint Filed:  2020-11-24<br>Trial Date:         None Set<br>Judge:               Hon. Morrison C. England, Jr. |

Plaintiff LAMONT ANDREWS ("Plaintiff') and Defendants MCLANE COMPANY, INC. and MCLANE FOODSERVICE, INC, (together, "Defendants") (collectively, the "Parties"), hereby request that the Court modify the Scheduling Order (ECF No. 13) to extend the Parties' Expert Witness Disclosure Deadlines pursuant Federal Rule of Civil Procedure 26(a)(2) from February 18, 2022 to September 1, 2022 in light of the good cause set forth herein:

1. WHEREAS, on March 4, 2021, the Parties submitted a Joint Status Report and Rule 26(f) Discovery Plan ("Joint Status Report") to the Court identifying pertinent deadlines for this matter. *See* ECF No. 5; Declaration of Katherine A. Manuel (hereinafter "Manuel Decl."), ¶ 2.

2. WHEREAS, on February 4, 2022, the Parties agreed to participate in private mediation to occur on April 26, 2022, which was the earliest date available for the mediator that worked for both parties and their counsel.  Manuel Decl. ¶ 3.

3. WHEREAS, on February 17, 2022 the Parties submitted a Stipulation and Proposed Order Re Joint Status Report And Rule 26(F) Discovery Plan which adopted the Joint Status Report's previously agreed upon deadlines: Fact discovery closed on December 21, 2021; Expert witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) were to be made on or before February 18, 2022; and dispositive motions are to be heard by the Court on or before June 17, 2022.  *See* ECF No. 13; Manuel Decl. ¶ 4.

4. WHEREAS, on February 18, 2022, Plaintiff served Defendants with "Plaintiff's Rule 26(a)(2) Designation of Expert Witnesses."  Manuel Decl. ¶ 5, Exhibit A, Plaintiff's "Expert Witness Designation."

5. WHEREAS, Plaintiff's February 18, 2022 Designation of Expert Witnesses included a list of Plaintiff's treating physicians and identified two "Non-Retained Experts": (1) Anthony E Reading, PH.D., a clinical psychologist, "who will provide opinions regarding the extent to which Defendants' conduct caused Plaintiff's injuries, or any emotional distress;" and (2) Mark Falkenhagen, and economist who "may testify at trial as to the effects of Plaintiff's lost wages, compensatory damages, future earnings capacity, and valuation of compensation." Plaintiff has not yet retained either witness, nor provided a report regarding their intended testimony.

Manuel Decl. ¶ 6, Exhibit A, Plaintiff's "Expert Witness Designation."

6. WHEREAS, the "treating physicians" identified in Plaintiff's February 18, 2022 Designation of Expert Witnesses were not previously identified in Plaintiff's Rule 26(a)(1) disclosures. Manuel Decl. ¶ 7, Exhibit B, Plaintiff's "Rule 26(a)(1) Initial Disclosures."

7. WHEREAS, on Friday, March 12, 2022 the Parties met and conferred regarding Plaintiff's February 18, 2022 Designation of Expert Witnesses. Plaintiff's Counsel stated that Plaintiff's designation of "treating physicians" was done in order to ensure Plaintiff retained the ability to call said witnesses at trial, if needed, and would not rely upon any evidence from these individuals in connection with any dispositive motion. Defense Counsel reminded Plaintiff that Defendants would need to depose these individuals, but in light of Plaintiff's Counsel's representation that Plaintiff will not rely on their testimony in conjunction with any dispositive motion, Defendants would agree to conduct this expert discovery while those motions are pending. Plaintiff's Counsel agreed. Manuel Decl. ¶¶ 8, 9.

8. WHEREAS, with regard to Plaintiff's February 18, 2022 designation of "Non-Retained" experts, Plaintiff's Counsel indicated that these individuals had "not *yet* been retained" in light of the Parties' agreement to mediate the matter on April 26, 2022, and that Plaintiff did not intend to rely on evidence from these individuals in connection with any dispositive motion. Manuel Decl. ¶ 10.

9. WHEREAS, Defense Counsel explained that in order to properly identify any *rebuttal* experts, Defendants nonetheless require Plaintiff to timely *properly* disclose all Retained Experts and produce the requisite Expert Reports pursuant to Rule 26(a)(2). Defense Counsel further stated that Plaintiff's disclosure of these individuals' names on the last day for the Parties to make expert witness disclosures, and by failing to disclose any reports, Plaintiff had prejudiced Defendants' ability to thoroughly conduct expert discovery in this matter. Manuel Decl. ¶ 11.

10. WHEREAS, Plaintiff contends that experts were timely disclosed pursuant to the Scheduling Order and Defendants were not prejudiced by Plaintiff's timely disclosure, Plaintiff nevertheless agrees to an extension of the expert discovery deadlines to allow the parties to participate in the April 26, 2022 without incurring the costs of retaining experts and conducting

expert discovery. Manuel Decl. ¶ 12.

11. WHEREAS, the Parties therefore agree to stipulate to extend the Expert Disclosure deadlines until *after* the mediation date and dispositive motion deadline, so as to afford Plaintiff an opportunity to determine whether to actually retain either Retained Expert, properly disclosure any necessary reports, afford Defendants an opportunity to identify any rebuttal experts, and for the parties' to conduct any necessary depositions. Manuel Decl. ¶ 13.

12. WHEREAS, in light of Plaintiff Counsel's representations that no evidence from the "treating physicians" or "not yet retained" experts identified in Plaintiff's February 18, 2022 Designation of Expert Witnesses beyond medical records which were previously produced will be relied upon in conjunction with a dispositive motion, the Parties do not seek to re-calendar or extend the dispositive motion deadline, currently set for June 17, 2022. Manuel Decl. ¶¶ 9, 13.

13. WHEREAS, Defendants do not concede that any individual identified in Plaintiff's February 18, 2022 "Rule 26(a)(2) Designation of Expert Witnesses" has been properly identified or disclosed as an expert pursuant to Rule 26 and thereby reserve the right to challenge that characterization/designation at the close of expert discovery and/or before trial. Manuel Decl. ¶ 14.

14. WHEREAS, the Parties further agree that the requested extension will conserve the resources of the Court and the Parties, and allow the Parties to focus on mediation and, if necessary, dispositive motion practice, prior to investing resources in expert discovery, and that neither party will be prejudiced by the requested extension. Manuel Decl. ¶ 15.

15. WHEREAS, the current expert discovery deadlines will not provide the Parties sufficient time to conduct expert discovery, should the mediation prove unsuccessful. Manuel Decl. ¶ 16.

16. WHEREAS, this is the first time that the Parties have requested a continuance of the expert discovery deadlines. Manuel Decl. ¶ 17.

///

///

///

17.     WHEREAS, for these reasons, good cause exists to extend the Parties' Expert Witness disclosures deadline pursuant to Federal Rule of Civil Procedure 26(a)(2) as follows:

    Expert Disclosure: July 1, 2022

    Rebuttal Expert Disclosure: August 1, 2022

    Expert Discovery Cutoff: September 1, 2022

DATED:  March 22, 2022　　　　　　　　　　ABRAMSON LABOR GROUP

BY:  */s/ Christina Begakis  (As Authorized On 3/18/2022)*
    NISSIM LEVINS
    CHRISTINA BEGAKIS

Attorneys for Plaintiff
LAMONT ANDREWS

DATED:  March 18, 2022　　　　　　　　　　OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ Katherine A. Manuel*
    KATHERIN A. MANUEL
    BENJAMIN A. MAINS

Attorney for Defendants
MCLANE COMPANY, INC. and
MCLANE FOODSERVICE, INC

**ORDER**

Good cause appearing, the Court hereby modifies the operative Scheduling Order in this matter to extend discovery deadlines as follows:

Expert Disclosure: July 1, 2022

Rebuttal Expert Disclosure: August 1, 2022

Expert Discovery Cutoff: September 1, 2022.

Aside from these specific modifications, the Scheduling Order remains in full force and effect.

IT IS SO ORDERED.

Dated: March 22, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

6   Case No. 2:20-CV-02526-MCE-AC
JOINT MOTION TO AMEND SCHEDULING ORDER TO CONTINUE EXPERT DISCOVERY DEADLINES; ORDER THEREON

50787790.v1-Ogletree